IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 97-40052

Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAMAR CAMPBELL,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:96-CR-22-11

July 15, 1997

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Lamar Campbell pled guilty to one count of possessing cocaine base with intent to distribute, a violation of 21 U.S.C. § 841(a)(1). He has appealed the factual basis for the application of the sentencing guidelines by the district court, which sentenced Campbell to 78 months in prison and three years of supervised release.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We find no clear error in the district court's factual conclusion that the 5.9 grams of crack cocaine and the handgun found in the attic of the house in which Campbell was arrested were connected to Campbell's offense. The circumstances of Campbell's arrest made it reasonable for the district court, relying on the presentence investigation report, to conclude that Campbell could have reasonably foreseen that his co-conspirators would store crack cocaine on the premises. See U.S.S.G. § 1B1.3(a)(1)(B) (1995). He admitted handling the gun earlier in the day; the court could infer that it was not "clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1 note 3 (1995).

Nor do we find clear error in the district court's conclusion that Campbell used marijuana during his pretrial release. Based on the four positive urine tests and the testimony of Officer Lora Savoie at a hearing on the government's motion for detention, the district court could reasonably conclude that Campbell's second-hand smoke explanation was not credible. We give "great deference" to the district court's determination that a defendant's conduct is inconsistent with acceptance of responsibility. U.S.S.G. § 3E1.1 note 5 (1995).

AFFIRMED.